UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AIR VENT, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:25-CV-0852-X |
| § | |
| POWERMAX ELECTRIC CO., LTD., § | |
| GUANDONG, § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Powermax Electrical Co., Ltd., Guandong's (Powermax) motion to dismiss for lack of personal jurisdiction and for failure to state a claim. (Doc. 10). After reviewing the motion, response, reply, and applicable law, the Court **DENIES** Powermax's motion. (Doc. 10).

### I. Lack of Personal Jurisdiction

This is one of many Air Vent cases in front of this Court. In each of these cases in which Powermax has appeared, Powermax has filed a motion to dismiss plaintiff Air Vent's complaint for lack of personal jurisdiction. The Court has authored a memorandum opinion and order analyzing the merits of—and ultimately denying—Powermax's motion in *Air Vent Inc. v. Powermax Electric Co. LTD*, No. 3:21-CV-0229, (Doc. 93) (N.D. Tex.) (Starr, J.).

The facts in this case differ slightly, but none of those differences warrant deviating from the Court's decision in No. 3:21-CV-0229. While this case concerns a different fire occurring in a different state, Air Vent has produced documents in

1

jurisdictional discovery showing that Powermax entered a long-standing relationship knowing that its fans were being shipped to Texas and that the fan in question in this dispute passed through Texas. So while the facts are slightly different, the Court's analysis in No. 3:22-CV-0229 remains unchanged. Accordingly, the Court concludes there is personal jurisdiction over Powermax in this case and **DENIES** the motion to dismiss as to lack of jurisdiction.

## II.  Failure to State a Claim

To survive a Rule 12(b)(6) dismissal, a complaint must "state a claim upon which relief can be granted."[1] It must also allege sufficient facts "to state a claim to relief that is plausible on its face."[2] A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] The Court accepts all material allegations of the complaint as true and construes the allegations in the light most favorable to the nonmoving party.[4] But the Court does not "presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement."[5]

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Bell Atl. Corp. v. Twombly*, 50 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *See Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990).

[5] *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (cleaned up).

As detailed above, this is not the first time the Court has considered Air Vent's contractual indemnity, breach of contract, and breach of implied warranty claims, but this is the first time Powermax asserted that Air Vent failed to plausibly plead its contractual claims. The Court finds, Air Vent's factual allegations permit a reasonable inference that Powermax may be liable for Air Vent's claims for contractual indemnity, breach of contract, and breach of implied warranty. At the 12(b) stage, the Complaint need not plead the contract in every minute detail.[6] Any potential deficiency can be addressed through discovery or summary judgment motions, not dismissal for failure to state a claim. As such, the Court **DENIES** the motion that the Complaint fails to state a claim.

### III. Conclusion

Accordingly, the Court **DENIES** Powermax's motion to dismiss for lack of personal jurisdiction and for failure to state a claim. (Doc. 10).

**IT IS SO ORDERED** this 29th day of October, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[6] See *Twombly*, 550 U.S. at 570.